JOE ALLEN v. STATE.

No. A-1385.   Opinion Filed February 3, 1912.

Appeal from Wagoner County Court; Leon B. Fant, Judge.

Miss Joe Allen was convicted of violating the prohibitory law, and appeals.   Appeal dismissed.

Sponsler & Graves, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted at the April, 1911, term of the county court of Wagoner county, on a charge of maintaining a place for the sale of intoxicating liquors, and her punishment fixed at a fine of fifty dollars and imprisonment in the county jail for a period of thirty days.   The Attorney General has filed a motion to dismiss the appeal herein for the following reason:

''Because the record shows that this is an attempted appeal from a judgment of conviction for a misdemeanor, rendered in the county court of Wagoner county on the last day of July, 1911, and the petition in error and case-made were not filed in this court until the 9th day of September, 1911, more than sixty days after the rendition of such judgment, no order having been made extending the time within which to file petition in error and case-made in this court beyond the time allowed by law.''

There is no answer to the motion to dismiss, and it is supported by the record.   The motion is sustained, and the appeal accordingly dismissed.

P. F. FAGAN v. STATE.

No. A-1395.   Opinion Filed February 3, 1912.

Appeal from Garfield County Court; Winfield Scott, Judge.

P. F. Fagan was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

McKeene & Walker, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted at the April, 1911, term of the county court of Garfield county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of fifty dollars and imprisonment in the county jail for a period of thirty days. . Upon careful examination of the record in this case we are impelled to the conclusion that the plaintiff in error did not have a fair and impartial trial as contemplated by law.   The judgment is reversed and the cause remanded.